# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:21-cv-62-MOC
# (3:18-cr-380-MOC-DSC-1)

| | |
|---|---|
| **OTEQUISE LENARD MILLER,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )    **ORDER** |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Respondent. | ) |
| | ) |

**THIS MATTER** is before the Court on Petitioner's *pro se* Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. (Doc. No. 1).

**I.  BACKGROUND**

Petitioner was charged in the underlying criminal case with: Count One, drug trafficking conspiracy resulting in serious bodily injury or death, and 50 grams or more of actual methamphetamine and one kilogram or more of heroin were attributable to and reasonably foreseeable to Petitioner (21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846); Count Two, money laundering conspiracy (18 U.S.C. § 1956(h)); and Count Three, distribution and possession with intent to distribute five grams or more of actual methamphetamine (21 U.S.C. §§ 841(a)(1), (b)(1)(B)). (3:18-cr-380 ("CR") Doc. No. 16) (Bill of Information); (CR Doc. No. 19) (Waiver of Indictment).

Petitioner agreed to plead guilty to Counts One through Three and admitted his guilt as charged of those offenses. (CR Doc. No. 17). In the written Plea Agreement, Petitioner acknowledged his sentencing exposure of: a minimum mandatory of 20 years' imprisonment for Count One; a maximum of 20 years' imprisonment for Count Two; and a minimum mandatory of five and a maximum of 40 years' imprisonment. (CR Doc. No. 17 at 2). The Plea Agreement states

1

that: the Court would consider the advisory U.S. Sentencing Guidelines; the Court had not yet determined the sentence; any estimate of the sentence that Petitioner might receive was a prediction rather than a promise; the Court would have the final discretion to impose any sentence up to the statutory maximum and would not be bound by the parties' recommendations or agreements; and Petitioner would not be permitted to withdraw her plea as a result of the sentence imposed. (Id.).

The parties agreed to jointly recommend the following findings with regards to the U.S. Sentencing Guidelines: Petitioner's plea is timely for purposes of Guidelines § 3E1.1; the amount of substance containing a detectable amount of actual methamphetamine that was known to or reasonably foreseeable by Petitioner was between 14.5 and 18 kilograms; the amount of mixture and substance containing a detectable amount of heroin that was known to or reasonably foreseeable by the Petitioner was between 7.1 to 9.8 kilograms; the base offense level is 43 pursuant to § 2D1.1(a)(1) because death or serious bodily injury resulted from the use of narcotic substances sold by Petitioner and Petitioner committed this offense after one or more prior convictions for a similar offense; the enhancement in § 2D1.1(b)(12) applies; money laundering occurred during this drug conspiracy and § 2S1.1 applies; the adjusted total offense level will be 44, after enhancements and acceptance of responsibility are taken into account; and the career offender or armed career criminal provisions may be used to determine the sentence, if applicable. (CR Doc. No. 17 at 2-3). The parties remained free to seek a departure or variance from the applicable guideline range pursuant to § 5C1.1. (CR Doc. No. 17 at 3).

The Plea Agreement provides that Petitioner stipulated to the existence of a factual basis to support his guilty plea as required by Rule 11(b)(3), that he read and understood the written Factual Basis that was filed with the Plea Agreement, and that the Factual Basis may be used by the Court and Probation Office for any purpose. (CR Doc. No. 17 at 4). The Plea Agreement sets

2

forth the rights Petitioner was waiving by pleading guilty, including the right to be tried by a jury, to be assisted by an attorney at trial, to confront and cross-examine witnesses, and not to be compelled to incriminate himself. (CR Doc. No. 17 at 5). Petitioner expressly waived his rights to contest his conviction and/or sentence in post-conviction motions and on appeal except for claims of ineffective assistance of counsel or prosecutorial misconduct. (Id.). The Plea Agreement provides that "[t]here are no agreements, representations, or understandings between the parties in this case, other than those explicitly set forth in this Plea Agreement, or as noticed to the Court during the plea colloquy and contained in writing in a separate document signed by all parties." (CR Doc. No. 17 at 8).

The Factual Basis that was filed along with the Plea Agreement provides in relevant part:

> Law enforcement conducted a criminal investigation that identified the defendant, Otequise Lenard Miller, as a drug trafficker of bulk actual crystal methamphetamine and heroin in the Western District of North Carolina and surrounding communities. The defendant conspired to traffic these narcotics, as well as conceal and launder drug proceeds. The defendant's criminal activity ranged from 2015 until his arrest on August 22, 2018. Through these conspiracies, the Defendant trafficked approximately 14-18 kg of crystal methamphetamine (actual), in addition to approximately 7-9 kg of heroin, through the WDNC and surrounding communities. During these conspiracies, the Defendant sold narcotics to victim "W.M.," resulting in their overdose death. **Defendant's criminal conduct directly caused, and was the but-for causation, of "W.M.'s" death**.
>
> The defendant, Otequise Lenard Miller, from in or about 2015, to on or about August 22, 2018, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, did knowingly and intentionally combine, conspire, confederate, and agree with others known and unknown to the United States, to distribute and to possess with intent to distribute controlled substances, that is, fifty (50) grams or more of actual methamphetamine …, and a mixture and substance containing one (1) kilogram or more [of] heroin …, and serious bodily injury or death of a person known to the United States, to wit: "W.M.," resulted from use of such heroin, in violation of Title 21, United States Code, Sections 841(a) and 846.
>
> The defendant, Otequise Lenard Miller, from in or about 2015, to on or about August 22, 2018, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, did knowingly combine, conspire, confederate and agree with other persons, known and unknown to the United States, to commit offenses against the United States in violation of Title 18, United States Code,

> Section 1956, to wit: to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, the manufacture, importation, sale, or distribution of a controlled substance, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 1956(h).
>
> The defendant, Otequise Lenard Miller, on or about October 11, 2017, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, that is, five (5) grams or more of actual methamphetamine…, in violation of Title 21, United States Code, Section 841(a)(1), and did aid and abet the same.

(CR Doc. No. 18 at 1-2) (paragraph numbers omitted, emphasis added).

On November 30, 2018, a United States Magistrate Judge conducted a plea hearing pursuant to Rule 11 at which Petitioner was represented by counsel. (CR Doc. No. 46) (Rule 11 Hearing Transcript). Petitioner stated, under oath, that he received a copy of the Information, fully understood the charges including the maximum and minimum penalties, discussed it with counsel, and wanted the Court to accept his guilty plea to all three counts. (CR Doc. No. 46 at 5-7). Petitioner admitted his guilt of the three counts charged in the Information. (CR Doc. No. 46 at 10).

Petitioner stated that he spoke to counsel about how the sentencing guidelines may apply to his case, the Court could would not be able to determine the applicable sentencing guidelines range until after the PSR has been prepared, Petitioner may receive a sentence that is lower or higher than that called for by the guidelines, and Petitioner would still be bound by his plea even if the sentence was more severe than expected or if the Court did not accept the Government's sentencing recommendation. (CR Doc. No. 46 at 8). Petitioner stated that he understood the rights he was waiving by pleading guilty including the right to plead not guilty, have a speedy trial, and

summon and confront witnesses. (CR Doc. No. 46 at 9). He also stated that he understood that, that if he went to trial, he would have the assistance of a lawyer, would not be required to testify, would be presumed innocent, and the Government would have to prove his guilt beyond a reasonable doubt. (CR Doc. No. 46 at 9). Petitioner stated that he understood that he was waiving these rights by pleading guilty. (CR Doc. No. 46 at 10). Petitioner stated that he understood the terms of the Plea Agreement, which were summarized in open court, and agreed with them including the waiver of his appellate and post-conviction rights. (CR Doc. No. 46 at 13-14). Petitioner stated that he read the Factual Basis, understood it, and agreed with it. (CR Doc. No. 46 at 15). Petitioner stated that nobody threatened, intimidated, or forced him to plead guilty, or made any promises other than the terms of the Plea Agreement, and that he had enough time to discuss possible defenses with counsel and was satisfied with counsel's services. (CR Doc. No. 46 at 15).

The Presentence Investigation Report (PSR) calculated the base offense level as 43 pursuant to § 2D1.1 because the offense is a violation of § 841(b)(1)(A), a death or serious bodily injury resulted from the use of the controlled substance, Petitioner committed the offense after one or more convictions of similar offenses. (CR Doc. No. 27 at ¶ 48). Two levels were added because Petitioner maintained a premises for the purpose of manufacturing or distributing a controlled substance pursuant to § 2D1.1(b)(12) . (CR Doc. No. 27 at ¶ 49). Three levels were deducted for acceptance of responsibility, resulting in a total offense level of 43. (CR Doc. No. 27 at ¶¶ 62-64). Petitioner had eight criminal history points and a criminal history category and two points were added because Petitioner committed the instant offense while under a criminal justice sentence. (CR Doc. No. 27 at ¶¶ 81-82). This resulted in a total of 10 criminal history points and a criminal history category of V. (CR Doc. No. 27 at ¶ 83). The resulting advisory guideline range was life imprisonment. (CR Doc. No. 27 at ¶ 107).

The Government requested a nine-level downward departure, which resulted in a revised guideline range of 235 to 293 months' imprisonment, and requested a sentence of 240 months' imprisonment. (CR Doc. No. 43) (Statement of Reasons). The Court granted the motion and, in a Judgment entered on February 6, 2020, sentenced Petitioner to 240 months' imprisonment followed by five years of supervised release. (CR Doc. No. 42). Petitioner did not appeal.

Petitioner filed the instant § 2255 Motion to Vacate on February 3, 2021.[1] (Doc. No. 1). He argues that: the guilty plea was involuntary because Petitioner did not understand the "but-for" causation element of Count One; counsel provided ineffective assistance that rendered the plea involuntary, failed to adequately investigate and challenge the Government's case, and provided ineffective assistance with regards to sentencing; and the evidence was insufficient to support "but-for" causation element of Count One. Petitioner seeks a "reduction of sentence." (Doc. No. 1 at 34).

The Government filed a Response arguing that the claims are not cognizable, waived, procedurally defaulted, and meritless. (Doc. No. 3). Petitioner did not reply.

## II. SECTION 2255 STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

---

[1] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prison mailbox rule); Rule 3(d), 28 U.S.C. foll. § 2255 (addressing inmate filings).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. In many cases, an evidentiary hearing is required to determine whether or not counsel was ineffective for misadvising a petitioner about a plea offer. See generally United States v. Witherspoon, 231 F.3d 923, 926–27 (4th Cir. 2000); 28 U.S.C.A. § 2255(b). After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION[2]

Petitioner challenges the voluntariness of his guilty plea and raises a number of allegations of ineffective assistance of counsel. They will be addressed in turn.

**(1)** **Involuntary Plea**

First, Petitioner contends that his guilty plea to Count One was involuntary because he did not understand that use of the controlled substance must be the "but-for" causation of death for a conviction under 21 U.S.C. § 841 pursuant to Burrage v. United States, 571 U.S. 204 (2014).[3]

This claim is conclusively refuted by the record. Petitioner was charged in Count One with drug trafficking conspiracy, and that "serious bodily injury or death of a person known to the United States resulted from use of such heroin…" in violation of § 841(a). (CR Doc. No. 16). He pleaded guilty as charged in the Information, which states that "death or serious bodily injury

---

[2] The Petitioner's claims have been renumbered and restated. Any argument not specifically addressed in this Order has been considered and rejected.

[3] "[A]t least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) unless such use is a but-for cause of the death or injury." Id. at 218-19.

7

resulted from the use of narcotics substances, sold by [Petitioner]…" (CR Doc. No. 17 at 3). Petitioner stated under oath at the Rule 11 hearing that he received a copy of the Information, fully understood the charges, is guilty of the charged offenses, and that there is a factual basis for his plea. See (CR Doc. No. 46). Further, the written Factual Basis provides that, during the conspiracy, Petitioner "sold narcotics to victim 'W.M.,' resulting in their overdose death" and that "[Petitioner's] criminal conduct **directly caused, and was the but-for causation**, of 'W.M.'s' death." (CR Doc. No. 18 at 1) (emphasis added). Petitioner agreed under oath at the Rule 11 hearing that he read the Factual Basis, understood it, and agreed with it. (CR Doc. No. 46 at 15). Petitioner further stated, under oath, that he had discussed any possible defenses with counsel and was satisfied with counsel's services. (Id.).

The foregoing complies with Rule 11 and demonstrates that Petitioner's guilty plea was freely and voluntarily entered with a full understanding of the "but-for" causation element that was supported by an independent factual basis. See Fed. R. Crim. P. 11(b)(1)-(3); United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). Petitioner's present self-serving contention that the plea was involuntary because he was unaware of the "but-for" causation element of Count One is rejected. See Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."); see, e.g., United States v. Lemaster, 403 F.3d 216, 221–22 (4th Cir. 2005) (§ 2255 petitioner's sworn statements during the plea colloquy conclusively established that his plea agreement and waiver were knowing and voluntary).

Moreover, this claim is procedurally defaulted from § 2255 review. "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United

8

States, 523 U.S. 614, 621 (1998) (internal citations omitted); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, a petitioner must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. See United States v. Frady, 456 U.S. 152, 167-68 (1982); United States v. Mikalajunas, 186 F.3d 490, 492–93 (4th Cir. 1999); United States v. Maybeck, 23 F.3d 888, 891-92 (4th Cir. 1994). With regards to cause and prejudice, a petitioner must demonstrate: (1) the existence of cause for a procedural default that turns on something external to the defense; and (2) actual prejudice resulting from the errors of which he complains. United States v. Pettiford, 612 F.3d 270, 280 (4th Cir. 2010). To establish cause based upon ineffective assistance of counsel, a petitioner must show that the attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Actual prejudice is then shown by demonstrating that the error worked to petitioner's "actual and substantial disadvantage," rather than just creating a possibility of prejudice. See Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)). In order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a petitioner must show actual innocence by clear and convincing evidence. See Murray, 477 U.S. at 496.

Petitioner did not argue that his guilty plea was involuntary in a motion to withdraw his guilty plea or on direct appeal. Petitioner alleges that counsel was ineffective with regards to the guilty plea, but this cannot provide cause and prejudice to excuse his procedural default of this claim because counsel's assistance was not ineffective as discussed in Section (2), *infra*. Petitioner

also contends that he is "actually innocent" of having caused a death in Count One. However, this argument is conclusively refuted by the Factual Basis and Petitioner's sworn statements at the Rule 11 hearing. Moreover, Petitioner has failed to come forward with any evidence demonstrating his factual innocence; he merely argues that the evidence of causation was legal insufficiency, which does not satisfy the actual innocence standard. See Bousley, 523 U.S. at 623-24 ("'actual innocence' means factual innocence, not mere legal insufficiency.") (quoting Sawyer v. Whitley, 505 U.S. 333, 339 (1992)).

Petitioner's contention that his guilty plea was involuntary because he did not understand the "but-for" causation element of Count One is, therefore, dismissed and denied.

**(2)** **Ineffective Assistance of Counsel**

The Petitioner presently raises a number of claims of ineffective assistance of counsel. The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. Const. Amend. VI. To show ineffective assistance of counsel, a petitioner must first establish deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland, 466 U.S. at 687-88. The deficiency prong turns on whether "counsel's representation fell below an objective standard of reasonableness ... under prevailing professional norms." Id. at 688. A reviewing court "must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." Harrington v. Richter, 562 U.S. 86, 104 (2011) (quoting Strickland, 466 U.S. at 689). The prejudice prong inquires into whether counsel's deficiency affected the judgment. See Strickland, 466 U.S. at 691. A petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine

confidence in the outcome." Id. at 694. A petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a reviewing court need not even consider the performance prong. Strickland, 466 U.S. at 670.

### i. Plea Voluntariness

The right to the assistance of counsel during criminal proceedings extends to the plea-bargaining process. See Missouri v. Frye, 566 U.S. 134 (2012). Thus, criminal defendants are "entitled to the effective assistance of competent counsel" during that process. Lafler v. Cooper, 566 U.S. 156, 162 (2012) (internal quotation marks omitted); Merzbacher v. Shearin, 706 F.3d 356, 363 (4th Cir. 2013). Where a defendant enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was "within the range of competence demanded by attorneys in criminal cases." Hill v. Lockhart, 474 U.S. 52, 56 (1985) (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)). To satisfy Strickland's prejudice prong, the defendant must show "there is a reasonable probability that, but for counsel's errors, [she] would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59; Meyer v. Branker, 506 F.3d 358, 369 (4th Cir. 2007).

Here, Petitioner appears to argue that counsel: misadvised him that there was no possible defense to the Medical Examiner's testimony so he should plead guilty; effectively forced him to plead guilty by failing to investigate the case; failed to inform him of the "but-for" causation element of Count One; and instructed Petitioner to answer "yes" to everything at the Rule 11 hearing. Petitioner's claim that ineffective assistance of counsel rendered his guilty plea involuntary is facially insufficient to support relief in that Petitioner does not allege that he would have proceeded to trial but for counsel's allegedly deficient performance. See United States v.

11

Dyess, 730 F.3d 354, 359 (4th Cir. 2013) ("vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the district court."). Further, it would not have been objectively reasonable for Petitioner to proceed to trial in light of a favorable Plea Agreement that resulted in a 20-year downward departure sentence, whereas the guideline sentence was for life imprisonment, and the strong evidence of Petitioner's guilt as demonstrated by the Factual Basis. See United States v. Santiago, 632 F. App'x 769, 774 (4th Cir. 2015) ("when the Government's case is strong," a § 2255 petitioner "faces a nearly insurmountable obstacle to showing that it would have been rational to go to trial."); see, e.g., United States v. Fugit, 703 F.3d 248, 259 (4th Cir. 2012) (finding that the decision to go to trial would not have been objectively reasonable where the evidence of petitioner's guilt was overwhelming). Moreover, Petitioner's self-serving and unsupported contentions that he did not understand "but-for" causation, and that he only answered "yes" at the Rule 11 hearing based on counsel's instruction to do so are conclusively refuted by Petitioner's statements under oath that he understood all the elements of the offenses and was pleading guilty freely and voluntarily because he is guilty of the charged offenses. See Section (1), *supra*; (CR Doc. Nos. 17, 18, 46); Blackledge, 431 U.S. at 74; Lemaster, 403 F.3d at 221-22.

  **ii.**   **Pre-Plea Assistance**

"[A] guilty plea constitutes a waiver of all nonjurisdictional defects, including the right to contest the factual merits of the charges." United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993). Thus, after a guilty plea, a defendant may not "raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Blackledge v. Perry, 417 U.S. 21, 29-30 (1974). Rather, he is limited "to attacks on the voluntary and intelligent nature of

the guilty plea, through proof that the advice received from counsel was not within the range of competence demanded of attorneys in criminal cases." Id.

Petitioner contends that counsel rendered ineffective assistance prior to entry of the guilty plea by failing to: investigate the facts and circumstances of the case, including the forensic evidence; move to suppress Petitioner's incriminating statements to police; investigate the applicable law including "but-for" causation; and challenge the sufficiency of the evidence.

Petitioner stated under oath at the Rule 11 hearing that he understood the charges, his sentencing exposure, and the rights he was relinquishing by pleading guilty including the appellate and post-conviction waivers. See (CR Doc. No. 46). He stated that the guilty plea was freely and voluntarily entered and was not the product of threats, coercion, or promises other than the terms of the Plea Agreement. (Id.). He acknowledged that he was guilty as charged in the Information and that the Factual Basis was true and accurate. (Id.). He further agreed that he had discussed any possible defenses with counsel and was satisfied with counsel's services. (Id.). The foregoing complies with Rule 11 and demonstrates that Petitioner's guilty plea was freely and voluntarily entered with a full understanding of its nature and consequences and that the guilty plea was supported by an independent factual basis. See Fed. R. Crim. P. 11(b)(1)-(3); United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991).

Petitioner's knowing and voluntary guilty plea waived any allegations of ineffective assistance of counsel that preceded it, including counsel's alleged failure to investigate the applicable fact and law, and raise evidentiary challenges, and the sufficiency of the evidence; he has failed to demonstrate that counsel's performance was deficient or prejudicial in any way.

**iii.    Sentencing Claims**

When applying the Strickland prejudice test in the context of sentencing, "any amount of actual jail time has Sixth Amendment significance." Glover v. United States, 531 U.S. 198, 203 (4th Cir. 2001).

Petitioner appears to argue that counsel was ineffective for failing to: object to the enhanced sentence for Count One where the Government failed to prove "but-for" causation; and instruct Petitioner to answer "yes" to everything during the sentencing hearing to avoid the appearance that Petitioner was not accepting responsibility.

Counsel cannot be deemed ineffective for failing to raise a frivolous "but-for" causation argument that was not supported by the law and would have contradicted the Plea Agreement, Factual Basis, and Petitioner's statements under oath at the Rule 11 hearing. See generally Lockhart v. Fretwell, 506 U.S. 364, 374 (1993) (a defendant is not prejudiced if his counsel fails to make an objection that is "wholly meritless under current governing law").

Nor has Petitioner demonstrated that counsel provided ineffective assistance to respond positively to the Court's inquiries at the sentencing hearing. It was sound legal advice for counsel to caution Petitioner that he may lose the three-level offense level reduction if it appeared that he was no longer accepting responsibility. Petitioner has failed to explain how such advice was deficient in any way.

Moreover, Petitioner has failed to demonstrate prejudice. He has not identified any evidence or argument that counsel could have presented that had a reasonable probability of resulting in a lower sentence than the 120-month downward departure that Petitioner received.

**(3)** **Sufficiency of the Evidence**

Finally, Petitioner contends that the evidence of "but-for" causation is insufficient to support his sentence in Count One.

This claim was waived by Petitioner's knowing and voluntary guilty plea, including the express waiver of Petitioner's post-conviction claims except for claims of prosecutorial misconduct and ineffective assistance of counsel. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992) (an appellate waiver is generally enforceable where the waiver was knowingly and voluntarily made); Lemaster, 403 F.3d at 200. The instant substantive claim of insufficient evidence is barred by the guilty plea and post-conviction waiver, and therefore, is subject to dismissal.[4]

This claim is also procedurally defaulted because Petitioner did not raise this claim of substantive error on direct appeal and he has failed to demonstrate cause and prejudice. See Section (1), *supra*. Further, this claim fails on the merits because the Factual Basis, which Petitioner admitted is true, supports the "but-for" causation element. Id.

Therefore, Petitioner's challenge to the sufficiency of the evidence to support Count One is dismissed and denied.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss and deny Petitioner's § 2255 Motion to Vacate.

**IT IS, THEREFORE, ORDERED that:**

1. Petitioner's Amended Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 3), is **DISMISSED** and **DENIED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of

---

[4] Petitioner's claim does not fall within the narrow exceptions to the enforceability of plea waivers, such as sentencing outside the statutory maximum. See generally United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); Marin, 961 F.2d at 496.

appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

3. The Clerk is instructed to close this case.


Signed: June 18, 2021

*[Signature]*

Max O. Cogburn Jr
United States District Judge